IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | |
|---|---|
| EDISON AUTOMOTIVE, INC.<br>1529 McKinley Ave<br>Columbus, Ohio 43222<br><br>    Plaintiff,<br>vs.<br><br>ZURICH AMERICAN INSURANCE<br>COMPANY OF ILLINOIS<br>1299 Zurich Way, 5th Floor<br>Schaumburg, IL 60196-1056<br><br>    Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**Jury Demand Endorsed Hereon** |

Now comes Plaintiff Edison Automotive, Inc., ("Edison"), by and through undersigned counsel, and for its Complaint against Defendant Zurich American Insurance Company of Illinois ("Zurich") alleges as follows:

**NATURE OF ACTION**

1. This civil action arises from a dispute between Edison and its insurer, Zurich, over its obligation to honor its insurance coverage obligations under the insurance policy Edison purchased from Zurich.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action pursuant to Sections 2305.01 and 2721.02(A) of the Ohio Revised Code. This Court has personal jurisdiction over Defendant pursuant to Section 2307.382 of the Ohio Revised Code because, within the time period relevant herein, Defendant has been licensed to transact insurance business in Ohio, has in fact transacted business in Ohio, or has maintained a substantial presence in Ohio. Venue in this County is proper pursuant to Rules 3(C)(3) and (6) of the Ohio Rules of Civil Procedure.

## THE PARTIES

3. Edison is organized under the laws of Ohio with its principal place of business in Columbus, Ohio. Edison is engaged primarily in the business of scrap and sales services in the automotive industry. Edison's premises is located at 1529 McKinley Ave, Columbus, Ohio 43222 (the "Premises"). The Premises includes a warehouse, which is the subject of this insurance dispute.

4. Defendant Zurich is a property and casualty insurer and domestic stock corporation organized under the laws of Illinois with its principal place of business in Schaumburg, Illinois. Zurich is licensed to transact business in Ohio and is engaged in the business of selling insurance policies.

## THE INSURANCE POLICY

5. In 2021, in consideration of premiums paid by Edison, Zurich duly executed and delivered to Edison a certain commercial insurance policy number CPO 1638964-05 (the "Policy"). A copy of the Policy is attached hereto and incorporated herein as "**Exhibit 1**."

6. Edison is the named insured under the Policy and is entitled to the benefit of insurance for all covered claims made during the policy period.

7. The Policy covers the Premises including, but not limited to, the buildings and personal property on the Premises.

8. The Policy has limits of insurance for damages to any single building in an amount of $1,000,000.

9. The Policy was issued for a period from July 6, 2021 to July 6, 2022.

10. The Policy requires Zurich to pay on behalf of Edison all direct physical loss of or damage to covered property at the Premises caused from any covered cause of loss.

11. The Policy's covered property includes a warehouse located at the Premises (the "Warehouse") and all other personal property owned by Edison and used by Edison in its business.

12. Fire is a covered cause of loss.

13. Zurich's contractual obligation to make full payment to or on behalf of Edison is subject only to deductibles and limits, if any, stated in the Policy.

## EDISON'S CLAIM OF LOSS

14. On February 14, 2022, a fire erupted in a neighbor's building adjacent to the Warehouse. The fire later spread to the Premises and caused direct physical loss or damage. Specifically, it caused damage to a large portion of the Warehouse's western wall along with portions of the roof which created a potential life safety hazard and required immediate repair (the "Damage").

15. Edison timely filed notice of the claim for coverage to Zurich for the covered Damage in accordance with the Policy's terms (the "Claim"). Edison requested that Zurich honor its contractual obligations to pay for the entirety of the cost to repair the Damages up to the Policy's limits. Zurich assigned the Claim as Claim Number 137000529.

16. Edison has satisfied all preconditions to coverage including incurring any deductible.

17. Pursuant to the Policy, Zurich has agreed to pay the Claim.

18. As a result of Zurich's agreement to cover the Claim and because the repairs needed to be addressed immediately, Edison, working with Zurich, had the repair work completed.

19. Zurich has acknowledged that the Damage and Claim are covered by the Policy but, to date, has only made partial payments in the amount of $183,910.20 for the repair work. Zurich has not paid for Damages incurred by Edison including, but not limited to, costs to repair

the roof decking, shoring, and additional permit costs in amounts over $300,000.00, which Edison has been forced to incur ("Unreimbursed Amounts").

20. Zurich still owes Edison the remainder of Unreimbursed Amounts up to their Policy limits.

21. Despite Edison's repeated attempts to communicate the forgoing facts to Zurich, Zurich has failed to pay Edison for any Unreimbursed Amounts for the Damage in violation of the terms of the Policy and applicable law.

22. Zurich's refusal to pay the Unreimbursed Amounts are in violation of the terms of the Policy, has caused Edison to incur, and it will continue to incur, costs that should be borne by Zurich.

23. Edison and Zurich have a dispute as to the scope of Zurich's obligations under the Policy to pay the Unreimbursed Amounts.

## COUNT I – BREACH OF CONTRACT

24. Edison incorporates by reference, as if fully restated herein, the allegations set forth in above paragraphs as if fully restated herein.

25. Edison timely paid all premiums due under the Policy and has performed all of its obligations under the Policy, which was in full force and effect during the period the Damage occurred.

26. Defendant Zurich retains all its duties and obligations under the Policy, including its obligation to reimburse Edison for the Claim up to the Policy limits.

27. Defendant Zurich has wrongly taken the position that it does not have to fully satisfy its coverage obligations under the Policy and instead has chosen to only partially reimburse Edison in violation of its Policy and applicable law.

28. By failing to honor its contractual obligations under the Policy, Zurich has breached the Policy.

29. As a direct and proximate result of Zurich's breach, Edison has been deprived of the benefits of its commercial property coverage under the Policy.

30. By depriving Edison of the benefits of contractual rights, Defendant Zurich has directly damaged Edison by forcing it to make expenditures that should be borne by Zurich.

## COUNT II – DECLARATORY JUDGMENT

31. Edison incorporates by reference, as if fully restated herein, the allegations set forth in above paragraphs as if fully restated herein.

32. This is a claim for a declaratory judgment pursuant to § 2721.02(A) of the Ohio Revised Code and Rule 57 of the Ohio Rules of Civil Procedure. Edison seeks a judicial determination of the rights and duties of Edison and Zurich with respect to an actual controversy arising out of the Policy and relating to Zurich's coverage obligations for the Damage.

33. Pursuant to the terms of the Policy, Zurich is obligated to reimburse Edison for all direct and physical loss for the Claim.

34. As a result of Zurich's improper withholding of funds, there is an actual, justiciable controversy existing between Edison and Zurich regarding the obligations and duties owed to Edison under the Policy including, but limited to, Zurich's obligations to pay the full amount of Edison's Claim.

35. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties with respect to Zurich's obligations to provide coverage for the Damage under the Policy. The dispute between the parties over Edison's right to coverage

under the Policy is of sufficient immediacy to justify the issuance of declaratory relief by this Court.

**WHEREFORE**, Plaintiff Edison Automotive, Inc. prays for relief on its Complaint as follows:

A. On its First Claim for Relief, Edison requests judgment awarding actual compensatory damages sustained by Edison because of Zurich's breach of its Policy in an amount to be established at trial;

B. On its Second Claim for Relief Edison seeks declaration that the Damage is covered by the Policy and, pursuant to the terms of the Policy, Zurich is obligated to pay for the Unreimbursed Amounts up to its limit of liability;

C. Edison further requests that this Court award Edison interest, its attorneys' fees, costs, and expenses incurred in connection with this action, and such other and further relief as this Court deems proper and just.

Respectfully submitted,

*/s/ Stacy RC Berliner*
Stacy RC Berliner (0076683)
Michael J. Class (0100010)
**SHUMAKER, LOOP & KENDRICK**
121 South Main St., Suite 575
Akron OH, 44308
T: (330) 572-7320 / F: (330) 572-7321
sberliner@shumaker.com
mclass@shumaker.com
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff Edison Automotive, Inc. hereby demands, pursuant to Rules 38 and 48 of the Ohio Rules of Civil Procedure, trial by a jury constituted of the maximum number of jurors permissible by law on all issues triable at law.

> */s/ Stacy RC Berliner*
> Stacy RC Berliner (0076683)
> *Counsel for Plaintiff*

## INSTRUCTIONS FOR SERVICE

**TO THE CLERK:**

Please serve the Defendants with Summons and Complaint by certified mail, return receipt requested, at the addresses listed in the caption of this Complaint.

Plaintiff hereby authorizes the Clerk of Courts to issue service by ordinary mail pursuant to Rule 4.6 of the Ohio Rules of Civil Procedure should service by certified mail, return receipt requested, be refused or returned unclaimed. Plaintiff understands that the ordinary mail service may be done without prior notification.

> */s/ Stacy RC Berliner*
> Stacy RC Berliner (0076683)
> *Counsel for Plaintiff*